UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

ANAT GORDON
on behalf of herself and
all other similarly situated consumers

                Plaintiff,

    -against-

PROFESSIONAL CLAIMS BUREAU, LLC

                Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Professional Claims Bureau, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Garden City, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Anat Gordon*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. The Plaintiff incurred a bill from Northwell Health.

11. The Plaintiff received communications from Northwell Health.

12. The charge was $1939.00.

13. The Plaintiff applied for hardship consideration in order to reduce the said amount.

14. Northwell reduced the charge to $193.90.

15. On or about March 14, 2022 Plaintiff paid the $193.90 by credit card for the Northwell charge.

16. The Plaintiff thought that the matter was resolved.

17. On July 11, 2022, Plaintiff received a collection letter from the Defendant.

18. The said letter sets forth that the charge from Northwell as of November 3, 2021 was $1939.00.

19. The letter sets forth that the present charge is $193.90, precisely the amount the Plaintiff paid to Northwell on or about March 14, 2022.

20. The Plaintiff was so concerned, annoyed and felt harassed by the receipt of the said collection letter concerning a debt which she had paid in good faith, that she contacted the

undersigned on the same of receipt of the letter, namely July 11, 2022.

21. Plaintiff is aware that the Defendant reports debts to the credit bureaus.

22. Plaintiff is very concerned about maintaining a good credit score.

23. Plaintiff is concerned that even if she presents proof that she paid the debt, the debt could still appear on her credit report.

24. Under the CFPB guidelines, a collection agency can report a debt fourteen days after the sending of the initial collection letter to the debtor.

25. The Plaintiff wanted suit to be filed against the Defendant forthwith in order to demonstrate to the Defendant that the Plaintiff paid the debt in good faith.

26. Plaintiff seeks damages for emotional distress, for the receipt of a collection for a debt which is not owed, and any other damages.

27. Plaintiff has had to devote unnecessary time to deal with the receipt of a collection letter for a debt already paid and the consequences therefrom.

28. The Defendant is liable under the FDCPA for attempting to collect debts which are not due and owing.

29. The Plaintiff is not liable to pay the purported debt.

30. It is unlawful for the defendant to attempt to collect the said purported charges.

31. The Defendant is in violation of 15 USC 1692e, 1692e(10) and 1692g.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Plaintiff suffered harm because the Defendant reports debts to the credit bureaus.

35. Plaintiff is concerned her credit rating may be compromised by the reporting of the three debts at issue.

36. Plaintiff has brought suit to attempt to mitigate her damages.

37. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

38. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

39. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

40. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

41. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

42. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

43. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

44. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty three (43) as if set forth fully in this cause of action.

45. This cause of action is brought on behalf of Plaintiff and the members of a class.

46. The Class consists of all persons whom Defendant's records reflect and through investigation that Defendant attempted to collect medical debts which were not owed due to having already been paid.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that the lack of receipt of a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issues is the identification of the consumers who were supposed to receive such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

49. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

50. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

51. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

52. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

53. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Actual damages for any class members who paid the debt when the debt was actually not owed.

D. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 12, 2022

_/s/ Adam J. Fishbein_
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_/s/ Adam J. Fishbein_
Adam J. Fishbein (AF-9508)